Jeffrey A. Feasby, State Bar No. 208759
PEREZ VAUGHN & FEASBY INC.
600 B Street, Suite 2100
San Diego, California 92101
Telephone:   (619) 741-0242
Facsimile:    (619) 460-0437

Attorneys for Plaintiff
Lolicel (Pty) Ltd.

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

LOLICEL (PTY) LTD.,

         Plaintiff,

    v.

STANMAR INTERNATIONAL [USA] INC.; and SIMPLY DESSERTS LLC,

         Defendants.

Case No. '25CV658 JES VET

**COMPLAINT FOR DAMAGES AND INJUNCTIVE AND DECLARATORY RELIEF**

Plaintiff Lolicel (Pty) Ltd. ("Plaintiff"), by its undersigned attorneys, for its Complaint against defendants Stanmar International [USA] Inc. ("Stanmar") and Simply Desserts LLC, alleges as follows:

## PREMILINARY STATEMENT

1.    Through this action, Plaintiff seeks injunctive and other relief to stop defendants from unlawfully infringing on Plaintiff's trademarks and trade dress and for monetary damages caused by defendants' misconduct.

2.    Plaintiff is a South African company that sells sugar-free gelatins and puddings throughout the world. Plaintiff's products are sold under the Simply Delish brand, and Plaintiff is the owner of the Simply Delish trademarks in the United States and other jurisdictions. Plaintiff and defendant Stanmar International [USA] Inc. ("Stanmar") formed a joint venture to bring Plaintiff's products to the United States,

with Stanmar acting as the distributor of those products. Plaintiff granted Stanmar a license to use the Simply Delish trademarks, including the word and design marks, in the United States market and other foreign territories in the promotion and sale of Plaintiff's Simply Delish products.

3.    Stanmar subsequently attempted to steal the Simply Delish brand and Plaintiff sued Stanmar and others in another case pending in this Court, Case No. 22-cv-0926-LL-DTF. During the pendency of that action, Stanmar's principal, Martin Pamensky ("Pamensky"), formed defendant Simply Desserts LLC and began rebranding its infringing Simply Delish products under the "Simply Desserts" brand. Defendants' use of "Simply Desserts" also infringes on Plaintiff's trademarks.

4.    As a result, Plaintiff brings this action against defendants for: (i) Federal Trademark Infringement – False Designation of Origin (ii) Common Law Trademark Infringement and Unfair Competition; and (iii) Unfair Competition, California Business and Professions Code section 17200, *et seq*., and in support thereof avers as follows.

## **PARTIES**

5.    Plaintiff Lolicel (Pty) Ltd. is a South African company, with its principal place of business in South Africa.

6.    Defendant Stanmar International [USA] Inc. is a Delaware corporation licensed to do business in California and maintaining its principal place of business in the County of San Diego.

7.    Defendant Simply Desserts LLC is a Delaware limited liability company licensed to do business in California and maintaining its principal place of business in the Couty of San Diego.

8.    Stanmar and Simply Desserts LLC are referred to collectively herein as "Defendants."

///

///

**JURISDICTION AND VENUE**

9.     This Court has subject matter jurisdiction under section 39 of the Lanham Act, 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1332(a)(2). Subject matter jurisdiction over Plaintiff's related state and common law claims is proper pursuant to 28 U.S.C. §1367.

10.    This Court has personal jurisdiction over Defendants because they are residents of the State of California, have their principal place of business in the State of California, and are transacting business in the State of California.

11.    The Southern District of California is a proper venue pursuant to 28 U.S.C. § 1391(b)(1) and (2) because Defendants reside in this District and a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in this District.

**FACTS COMMON TO ALL CAUSES OF ACTION**

12.    It all began 25 years ago with a mom who was determined to find a way to give her two diabetic children desserts they loved. That is when she formulated the first sugar free jelly/gelatin and pudding products without a compromise in taste. Seeing a need for sugar free/diabetic friendly products, Dina began selling these products from her home. The products, initially called DINA'S, soon became a household name, loved by both sugar and non-sugar eaters.

13.    In 2008, Dina was introduced to Sue Michel, who had a background in the health industry. Using Dina's recipes, the two knew they could create something special. It was at that time that the "Simply Delish" brand was born. The two formed Plaintiff to manufacture and sell the Simply Delish products, with the vision of taking their great tasting products worldwide.

14.    By 2009, Simply Delish jelly and pudding products were available at leading retail supermarket and pharmacy chains throughout South Africa. Over the years, Plaintiff has extended the sale of its Simply Delish products throughout Africa, to Zimbabwe, Botswana, Zambia, Mozambique, Lesotho and Namibia.

15.    In May 2009, Plaintiff began exporting to the Simply Delish products to the United Kingdom. The products are currently sold in Waitrose, Sainsburys, and many independent stores.

16.    In 2010, Plaintiff was introduced by a friend to Pamensky and Stanmar. At the time, Stanmar was the importer and distributor of the South African origin Ceres natural fruit juices in the United States. At their initial meeting, the parties discussed the potential of Stanmar distributing the Simply Delish line of jellies and puddings into the US market.

17.    Initially, it was agreed that Plaintiff and Stanmar would operate as a joint venture for the sale of a new line of Simply Delish "Natural" products that would be sold in the United States. Under that agreement, all expenses and profits were to be shared 50/50. Plaintiff would manufacture the product and retain ownership of the brand and its trade secrets – i.e. the ingredient suppliers, formulations and recipes for the products – and Stanmar was authorized to distribute and market the Simply Delish Natural products in the United States. The Simply Delish Natural product line used the same "Simply Delish" logo that had been developed in 2008 and simply added the word "Natural."

18.    The first order of Simply Delish Natural products was shipped to Stanmar in December 2010. That was the first use of the "Simply Delish" and "Simply Delish Natural" trademarks and logo in commerce in the United States.

19.    Over the next five years, the parties operated as a joint venture. However, in 2015, Plaintiff advised Stanmar that it would be best to restructure the parties' business relationship as it was becoming difficult to set the Simply Delish business apart from Stanmar's other business operations for purposes of profit distributions. Plaintiff then worked with Stanmar's accountant over the next two years to complete the accounting of the joint venture's operations.

20.    Around this time, Pamensky proposed that Plaintiff trademark the Simply Delish Natural name in the United States in order to protect the brand. Plaintiff

agreed based on its understanding that Plaintiff would be the owner of the trademarks. However, unbeknownst to Plaintiff at that time, Pamensky listed Stanmar as the sole owner on the application for the trademark for the Simply Delish name. Being entirely unfamiliar with trademark registration processes and rights, Plaintiff understood that Stanmar's details were recorded on the trademark filing receipt by virtue of Stanmar having tended to the trademark application on Plaintiff's behalf.

21.    In 2017, Stanmar began paying Plaintiff a $0.05 royalty on each item it sold for use of the "Simply Delish" trademark. Stanmar paid this royalty until the termination of the parties' business relationship in 2021. Initially, Pamensky asked Plaintiff to first label the royalty on its invoices as a "marketing fee." Pamensky never explained to Plaintiff why he wanted the royalty listed as such on Plaintiff's invoices. Regardless of how it was described on invoices, the parties agreed that Stanmar was paying this royalty for the right to sell Plaintiff's Simply Delish products.

22.    Plaintiff is informed and believes, and based thereon alleges, that in early 2021, Stanmar finalized a revised formulation of the Simply Delish Natural products. On or about March 6, 2021, Pamensky sent Plaintiff an email forwarding the "new formulation," which was only slightly different than the original formulation. The email asked Plaintiff to try to manufacture the "new formulation," and if it could, then Plaintiff could be Stanmar's producer of the product in South Africa. This was the first time that Stanmar had asserted any ownership or control of the Simply Delish brand and/or products. Prior to that time, Pamensky and Stanmar had always acknowledged that Plaintiff owned the brand.

23.    Plaintiff immediately pushed back on Pamensky's claims that Stanmar had any ownership interest in the Simply Delish brand or products. Pamensky responded claiming that Stanmar now owned the Simply Delish brand worldwide and that Plaintiff no longer had any rights to it.

24.    Once aware of Stanmar's attempt to steal the Simply Delish brand and its products, Plaintiff immediately applied for registration of its core Simply Delish

brand in various countries in an attempt to protect its rights. At the same time, Stanmar applied for further trademark registrations for the Simply Delish word mark (Registration No. 6,432,320). On or about July 6, 2021, in a further effort to steal Plaintiff's intellectual property, Stanmar filed an application to register the Simply Delish logo that the parties jointly developed and paid for based on Pamensky's repeated representations that it would become the property of their yet-to-be-formed holding company.

25.    On June 23, 2022, Plaintiff sued Stanmar and Pamensky in this court for infringement of the Simply Delish and Simply Delish Natural trademarks, fraudulent registration of the Simply Delish mark, and other claims. That action is pending.

26.    During the pendency of that action, Defendants have started to change the name of their competing and inferior products to "Simply Desserts."

## FIRST CAUSE OF ACTION

### Federal Trademark Dilution of the Simply Delish
### and Simply Delish Natural Trademarks
### (Against all Defendants)

27.    Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as if set forth fully herein.

28.    Plaintiff has used the "Simply Delish" mark in commerce throughout the United States continuously since 2008 in connection with the manufacture, distribution, offering for sale, sale, marketing, advertising, and promotion of its instant jel and pudding products. Below are representative samples of Plaintiff's packaging showing Plaintiff's use of the "Simply Delish" mark in connection with these instant jel and pudding products:

///

///

///

///

29.    As a result of its widespread, continuous, and exclusive use of the "Simply Delish" mark to identify its instant jel and pudding products and Plaintiff as their source, Plaintiff owns valid and subsisting federal statutory and common law rights to the "Simply Delish" mark.

30.    Plaintiff's "Simply Delish" mark is distinctive to both the consuming public and Plaintiff's trade.

31.    Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting the instant jel and pudding products sold under the "Simply Delish" mark including through Stanmar's distribution, sale, advertising, and marketing of Plaintiff's products at Plaintiff's distributor in the United States.

32.    Plaintiff, through Stanmar as its distributor, distributed and sold its instant jel and pudding products under the "Simply Delish" mark in retail stores and directly to consumers online throughout the United States.

///

///

33.    The instant jel and pudding products Plaintiff offers under the "Simply Delish" mark are of high quality and were unique in that they were the only instant sugar-free gelatins and puddings on the market.

34.    As a result of Plaintiff's expenditures and efforts, the "Simply Delish" mark has come to signify the high quality of the instant jel and pudding products designated by the "Simply Delish" mark, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff.

35.    Without Plaintiff's authorization, beginning after Plaintiff acquired protectable exclusive rights in its "Simply Delish" mark, Defendants adopted and began using a mark confusingly similar to Plaintiff's "Simply Delish" mark, the "Simply Desserts" mark (the "Infringing Mark"), in commerce in the United States.

36.    The Infringing Mark adopted and used by Defendants is confusingly similar to Plaintiff's "Simply Delish" mark.

37.    Upon information and belief, Defendant has been engaged in the manufacture, distribution, advertising, promotion, offering for sale, and sale of instant jel and pudding products using the Infringing Mark throughout the United States. Moreover, in attempting to transition from "Simply Delish" to "Simply Desserts," Defendants' advertising, marketing, website, and social media postings continue to use photographs of their "Simply Delish" products interchangeability with the Infringing Mark, "Simply Desserts," thereby creating additional confusion. In essence, Defendants are attempting to use the "Simply Delish" mark to endorse and grow the Infringing Mark:

///
///
///
///
///
///

 

38.    The instant jel and pudding products Defendants have manufactured, distributed, marketed, advertised, promoted, offered for sale, and sold under the Infringing Mark are substantially similar to Plaintiff's products sold under its "Simply Delish" mark.

39.    Defendants have manufactured, distributed, marketed, advertised, promoted, offered for sale, and sold its instant jel and pudding products under the Infringing Mark to retail stores throughout the United States directly to customers in the United States through their website, https://simplydesserts.us/, and through social media.

40.    Defendants are now making use in commerce of the infringing "Simply Delish" trademark without Plaintiff's permission, which dilutes and is likely to dilute the distinctiveness of Plaintiff's "Simply Delish" and "Simply Delish Natural" trademarks by eroding the public's exclusive identification of this mark with Plaintiff, tarnishing and degrading the positive associations and prestigious ///

connotations of the mark, and otherwise lessening the capacity of the mark to identify and distinguish Plaintiff's products.

41.    Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's "Simply Delish" trademark and/or to cause dilution of the trademarks to the great and irreparable injury of Plaintiff.

42.    Defendants have caused and will continue to cause irreparable injury to Plaintiff's goodwill and business reputations, and dilution of the distinctiveness and value of Plaintiff's famous and distinctive "Simply Delish" trademark in violation of 15 U.S.C. § 1125(c). Plaintiff is entitled to injunctive relief and to Defendants' profits, actual damages, enhanced profits and damages, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(c), 1116, and 1117. The Court should also order the destruction of all labels, signs, prints, packages, wrappers, and advertisements in Defendants' possession that bear the "Simply Desserts" trademarks.

## SECOND CAUSE OF ACTION

### Common Law Trademark Infringement and Unfair Competition
### (Against all Defendants)

43.    Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as if set forth fully herein.

44.    Defendants' acts constitute common law trademark infringement and unfair competition, and have created and will continue to create, unless restrained by this Court, a likelihood of confusion to the irreparable injury of Plaintiff. Plaintiff has no adequate remedy at law for this injury.

45.    Defendants acted with full knowledge of Plaintiff's use of, and statutory and common law rights to, Plaintiff's "Simply Delish" trademark and without regard to the likelihood of confusion of the public created by Defendants' activities.

///

///

46.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's "Simply Delish" trademark to the great and irreparable injury of Plaintiff.

47.     As a result of Defendants' acts, Plaintiff has been damaged in an amount not yet determined or ascertainable. At a minimum, however, Plaintiff is entitled to injunctive relief, to an accounting of Defendants' profits, damages, and costs. Further, in light of the deliberate and malicious use of a confusingly similar imitation of Plaintiff's "Simply Delish" trademark, and the need to deter Defendants from engaging in similar conduct in the future, Plaintiff is also entitled to punitive damages.

## **THIRD CAUSE OF ACTION**

### **Unfair Competition, Cal. Bus. and Prof. Code § 17200, *et. seq*.**

### **(Against All Defendants)**

48.     Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint as if set forth fully herein.

49.     Defendants' business practices as alleged above violate California's Unfair Competition Law ("UCL"), California Business & Professions Code section 17200, *et seq*.

50.     The UCL prohibits any unlawful, unfair or fraudulent business act or practice. As described in detail above, Defendants misappropriated Plaintiff's trade secrets and violated various United States and California statutes.

51.     Plaintiff reserves the right to allege other violations of law which constitute other unlawful business acts or practices. Such conduct is ongoing and continues to this date.

52.     Defendants' acts and business practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that their conduct is substantially injurious to Plaintiff, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.

53.    At all times relevant to this Complaint, there have existed reasonably available alternatives to further Defendants' legitimate business interests, other than the conduct described herein. The justifications for Defendants' unfair business practices were and are vastly outweighed by the adverse effects of the conduct on Plaintiff.

54.    Defendants, and each of them, aided, abetted, encouraged, and rendered substantial assistance to the other Defendants in carrying out the aforementioned unlawful and unfair business acts and practices conducted by Defendants.

55.    Defendants' conduct caused and continues to cause substantial injury to Plaintiff. Plaintiff has suffered injury in fact and have lost money because of Defendants' unfair conduct.

56.    As a result of the conduct described above, Defendants have been and will be unjustly enriched at the expense of Plaintiff.

57.    Defendants thus engaged in unlawful and unfair business acts and practices, entitling Plaintiff to judgment and to an order and injunction requiring Defendants to immediately cease their unlawful and unfair business practices.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.    Defendants and all of their agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through or under authority from Defendants, or in concert or participation with Defendants, and each of them, be enjoined from:

      a. advertising, marketing, promoting, or otherwise using the infringing "Simply Desserts" trademarks;

      b. using the infringing "Simply Desserts" trademark on or in connection with any of Defendants' products;

///

     c.  using the infringing "Simply Desserts" trademark, or any other colorable imitation, or simulation of Plaintiff's "Simply Delish" trademark and in connection with Defendants' goods;

     d.  using any trademark, name, logo, design, or source designation of any kind on or in connection with Defendants' goods that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to any of Plaintiff's trademarks, names, or logos;

     e.  using any trademark, name, logo, design, or source designation of any kind on or in connection with Defendants' goods that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by Plaintiff, or are sponsored or authorized by Plaintiff, or are in any way connected or related to Plaintiff; and

     f.  passing off, palming off, or assisting in passing off or palming off Defendants' goods as those of Plaintiff, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint.

2.    That Defendants be ordered to destroy all labels, signs, prints, packages, wrappers, receptacles, and advertisements in their possession that bear the infringing "Simply Desserts" trademark;

3.    That Defendants be ordered to account to Plaintiff for any and all profits derived by Defendants from the use of infringing "Simply Desserts" trademark and to disgorge all monies obtained as a result of their improper actions;

4.    That Plaintiff be awarded compensatory damages in an amount to be proven at trial;

5.    That Plaintiff be awarded exemplary or punitive damages in an amount to be proven at trial due to Defendants' wrongful acts, including but not limited to their infringement and/or dilution of Plaintiff's "Simply Delish" trademark;

///

COMPLAINT FOR DAMAGES AND INJUNCTIVE AND DECLARATORY RELIEF

6.     That Plaintiff be awarded all profits Defendants have received using the infringing "Simply Desserts" trademark pursuant to 15 U.S.C. § 1117(a) and any other applicable state or federal statute;

7.     That Plaintiff be awarded its costs and attorneys' fees incurred in bringing this action pursuant to 15 U.S.C. § 1117(a) and any other applicable state or federal statute;

8.     That Plaintiff be awarded prejudgment and post-judgment interest on all monetary awards; and

9.     For such other and further relief as the Court deems just and proper.


DATED: March 20, 2025          PEREZ VAUGHN & FEASBY INC.


                               By: /s/Jeffrey A. Feasby
                                   Jeffrey A. Feasby
                                   Attorneys for Plaintiff

**JURY TRIAL DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully demands a trial by jury on all claims and issues so triable.


DATED: March 20, 2025          PEREZ VAUGHN & FEASBY INC.


By: /s/Jeffrey A. Feasby
    Jeffrey A. Feasby
    Attorneys for Plaintiff

COMPLAINT FOR DAMAGES AND INJUNCTIVE AND DECLARATORY RELIEF